## Millar v. Grieb & Thomas, Inc.

*Corporations—By-laws—Contracts for service in violation of by-laws.*

Persons dealing with a corporation are bound by the restrictions imposed by the by-laws upon its officers. Hence, where a by-law provides that no contract of employment for services to be rendered to the company shall be of greater duration than two weeks unless in writing, signed by the officers of the company and approved by the board of directors, there can be no recovery by a former employee of a balance due under an alleged oral contract for his services for a term of three years made by the president and treasurer, although acquiesced in by the directors as individuals.

Motion for judgment *n. o. v.* C. P. No. 5, Phila. Co., June T., 1921, No. 1745.

*Breitinger & Millar,* for plaintiff; *J. N. Ewing,* for defendant.

HENRY, P. J., 52nd judicial district, specially presiding, May 19, 1922.—The plaintiff in this suit sought to recover a balance due under an alleged three-year contract for his services. The three-year contract was denied, the defendant contending that there was no specified time for the employment. The defendant is a corporation and the contract was claimed to have been made with the president and treasurer and acquiesced in by the remaining directors. The stock of the corporation was largely held by the directors, but some was held by others than the officials. A by-law of the company provided as follows: "No contract of employment for services to be rendered to the company shall be of longer duration than two weeks, unless said contract of employment is in writing, signed by the officers of the company and approved by the board of directors." The alleged contract was not in writing, was not signed by the officers of the company and was not approved by the board of directors as such.

The jury returned a verdict in favor of the plaintiff for $4174.70, and the defendant has moved for judgment *non obstante veredicto* upon the whole record and for a new trial. The persuasive reason assigned in support of the motion for judgment *non obstante veredicto* is that the contract sued upon is in direct violation of the said by-law of the company.

In Putnam *v.* Ensign Oil Co., 272 Pa. 301, Mr. Justice Kephart lays down the rule with respect to the effect of a by-law restriction as follows: "Pennsylvania has adhered to the rule that the by-laws of a corporation are written into the charter, defining and limiting the rights, duties and powers of its officers, and placing persons dealing with the corporation on notice as to the extent of the officers' powers, actual knowledge of the existence of the by-laws being immaterial." The court then gave the exceptions to the rule that obtained with respect to commercial paper, and it might well be that an exception might be noted to the extent to which a corporation has benefited by an unauthorized contract by its officers or where there is an acquiescence or ratification by all of the stockholders for whose benefit such restrictive by-laws are made, but we know of no other exception to the rule that parties dealing with a corporation are bound by the by-law restrictions upon its officers. The contract in question was clearly in violation of this by-law of the company; it is not within the recognized exceptions, and the plaintiff, having been paid for the services he rendered to the company, cannot recover for the remaining portion of his arrangement made with the officers. Judgment must, therefore, be entered upon the whole record for the defendant, notwithstanding the verdict.

And now, to wit, May 19, 1922, judgment *non obstante veredicto* upon the whole record is hereby directed to be entered in favor of the defendant. An exception to this action of the court is hereby noted for the plaintiff.